IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JERRY RAY HALL,                          )
     Petitioner,                         )        Civil Action No. 7:19-cv-00274
                                         )
v.                                       )
                                         )        By:  Elizabeth K. Dillon
WARDEN,                                  )             United States District Judge
     Respondent.                         )

## MEMORANDUM OPINION

Petitioner Jerry Ray Hall, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2019 probation revocations in the Louisa County Circuit Court. After reviewing the petition, the court finds that it should be summarily dismissed without prejudice.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In Virginia, a non-death row convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. Va. Code §§ 8.01-654, 17.1-411; Va. Sup. Ct. R. 5:9(a). If the petitioner has failed to exhaust state court remedies, the federal court should dismiss the petition. *See Slayton v. Smith*, 404 U.S. 53 (1971).

In this case, it plainly appears from the petition that Hall has not presented his claims to the Supreme Court of Virginia.[1]  Accordingly, the court finds that Hall's petition is unexhausted and, therefore, will dismiss the petition without prejudice.[2]

Entered: June 20, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[1] The court also conditionally filed Hall's petition to give him the opportunity to provide the court with any additional information concerning his exhaustion of state court remedies, and Hall provided none.  *See* Dkt. No. 3. Moreover, state court records found online confirm that Hall has not filed a direct appeal to the Court of Appeals of Virginia or a habeas petition in any state court concerning his convictions at issue.

[2] Hall may refile his federal habeas petition after he has exhausted his state court remedies.  Hall is advised, however, that his time to file state and federal habeas petitions is limited.  *See* 28 U.S.C. § 2244(d); Va. Code § 8.01-654(A)(2); Va. Sup. Ct. R. 5:9(a).